IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBALO LLC, a Delaware limited liability company, | ) ) ) | 2:11-cv-02642-GEB-JFM |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| TAIGH RAMEY, individually and doing business as Vintage Aircraft, | ) ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

      Defendant moves for dismissal of five of Plaintiff's claims under Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing Plaintiff fails to state a claim upon which relief can be granted. Plaintiff opposes the motion, arguing "the Complaint states facts that support each of [Plaintiff's] claims against [Defendant]." (Pl.'s Opp'n 1:18-19.)

**I. LEGAL STANDARD**

      "In reviewing the dismissal of a complaint, we inquire whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009)). The material allegations of the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. Al-Kidd v. Ashcroft, 580

1

F.3d 949, 956 (9th Cir. 2009). However, this tenet "is inapplicable to legal conclusions." Iqbal, 129 S. Ct. at 1949. Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)). "In sum, for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (internal citation omitted).

## II. DISCUSSION

Defendant seeks dismissal of Plaintiff's negligence, misrepresentation, breach of contract, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealing claims. These claims stem from Plaintiff's allegations that Defendant's misrepresentations in a Pre-Purchase Inspection involving the condition of a World War II-era plane induced Plaintiff to purchase the plane and contract with Defendant to make the necessary repairs. Further, Plaintiff alleges Defendant breached this contract by exceeding the agreed-upon budget for the repairs and by dismantling the plane such that it is in an unflyable state.

**A. Negligence**

Defendant argues Plaintiff's negligence claim should be dismissed since "[t]here simply is no common law duty which exists which could be breached as between Ramey and Robalo as alleged by Robalo." (Def.'s Mot. 4:10-11.) Specifically, Defendant argues "unless there was a contract in existence of some sort, Ramey had no duty to 'advise'

2

1  Robalo about anything; to repair anything in a 'professional and
2  reasonable manner'—whatever that means; to provide 'reliable budgets'
3  or, for that matter to do anything." Id. 4:7-9.
4       Plaintiff opposes the motion, arguing "[a]s a professional, he
5  is held to a heightened standard of care. Ramey owed that duty of care
6  to Robalo when he advised it about the condition of the Beech AT-11 and
7  undertook the repairs, irrespective of the contractual relations between
8  them. Ramey's breach of that duty gave rise to Robalo's negligence
9  claim." (Pl.'s Opp'n 3:21-24.)
10      "To state a . . . professional negligence [claim] under
11 California law, a plaintiff must allege that the defendant failed to use
12 the skill and care that a reasonably careful professional operating in
13 the field would have used in similar circumstances, and that the
14 defendant's failure proximately causes damage to the plaintiff." Mosier
15 v. Stonefield Josephson, Inc., 2011 WL 5075551, at *6 (C.D. Cal. Oct.
16 25, 2011); see also Gonzalez v. United States, 2011 WL 4433112, at *4
17 (E.D. Cal. Sept. 21, 2011) (stating the elements of a California
18 professional negligence claim). Plaintiff's negligence claim comprises
19 the following allegations:

> Ramey owed Robalo a duty of care, and Ramey breached that duty. The breaches included but are not limited to the following: (a) Ramey failed to determine or advise Robalo about the true condition of the Beech AT-11 in the Pre-Purchase Inspection; (b) Ramey failed to repair the Beech AT-11 in a professional and reasonable manner; (c) Ramey failed to provide Robalo with reliable budgets about the work necessary and actually undertaken to repair the Beech AT-11; and (d) Ramey took advantage of the circumstances, his superior knowledge, and the nature of his relationship with Robalo to mislead Robalo about the scope of work and expense that he undertook in repairing the Beech AT-11.

28 (Complaint ¶ 14.) However, these allegations are insufficient to state

3

1 a professional negligence claim since Plaintiff has not alleged facts
2 demonstrating that Defendant failed to use the skill and care that a
3 reasonably careful professional operating in the field would have used
4 in similar circumstances. Therefore, Plaintiff's negligence claim is
5 dismissed.

     **B.**    **Misrepresentation**

7         Defendant argues Plaintiff's misrepresentation claim should be
8 dismissed, contending Plaintiff "says nothing about the who, what, where
9 and when as required by Rule 9(b)." (Def.'s Mot. 5:15.) Plaintiff
10 opposes the motion, arguing "the misrepresentation allegations of the
11 Complaint give [Plaintiff] sufficient notice of the claims against him
12 and satisfy the requirements of Rule 9(b)." (Pl.'s Opp'n 6:8-9.)
13 Further, Plaintiff argues, "the Complaint provides all the particulars
14 of Robalo's affirmative misrepresentations and concealments of material
15 fact that are required under Rule 9(b)." Id. 7:8-9.

16         "In California, a claim of fraudulent misrepresentation has
17 five elements: (1) misrepresentation, which encompasses false
18 representation, concealment and nondisclosure; [(2)] knowledge of
19 falsity; (3) intent to defraud; (4) justifiable reliance; and
20 (5) damage." Tilley v. Ampro Mortg., 2011 WL 5921415, at *7 (E.D. Cal.
21 Nov. 28, 2011). A claim involving fraud must satisfy Rule 9(b)'s
22 heightened pleading requirements. Vess v. Ciba-Geigy Corp., 317 F.3d
23 1097, 1103 (9th Cir. 2003). Rule 9(b) provides that "[i]n alleging fraud
24 or mistake, a party must state with particularity the circumstances
25 constituting fraud or mistake." The required specificity includes the
26 "time, place, and specific content of the false representations as well
27 as the identities of the parties to the misrepresentations." Swartz v.
28 KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotation marks

1 | omitted).

2 |    Plaintiff's allegations are as follows:

   Ramey made material misrepresentations of fact to Robalo, including false statements and the concealment of facts. Ramey's misrepresentations included but were not limited to: (a) Ramey falsely represented and failed to disclose the condition of the Beech AT-11 in his Pre-Purchase Inspection report to Robalo; (b) Ramey falsely represented and failed to disclose the work and expense that he would or should undertake to repair the Beech AT-11; and (c) Ramey falsely represented his qualifications and expertise for repairing the Beech AT-11.

   Robalo did not know that Ramey's representations were false when Ramey made them, and Robalo did not know the facts that Ramey concealed when he failed to disclose them. Robalo relied on Ramey's false representations and non-disclosures of facts when it purchased the Beech AT-11 and retained Ramey to repair it. If Robalo had known the true facts, it would not have purchased the Beech AT-11 and would not have retained Ramey to repair it. Robalo's reliance on Ramey was justified because Ramey held himself out as an expert and professional in the repair of vintage aircraft, including Beech AT-11 airplanes.

   Ramey knew or should have known the true facts when he made the false statements to Robalo and concealed facts, and he misrepresented the facts with the intent to mislead Robalo and induce its reliance for Ramey's gain and Robalo's detriment.

   As a direct and proximate cause of Ramey's false statements and concealment of facts, Robalo has been damaged in an amount to be determined at trial.

   Ramey has been guilty of oppression, fraud, or malice within the meaning of California Civil Code section 3294, and Robalo is entitled to an award of exemplary and punitive damages in an amount to be determined at trial.

(Complaint ¶¶ 17-21.) Since Plaintiff has sufficiently alleged the time, place, and specific content of the alleged false representations, Defendant's motion to dismiss Plaintiff's misrepresentation claim is denied.

**C.   Breach of Contract**

Defendant argues Plaintiff's breach of contract claim should be dismissed since "the alleged term to make the aircraft safe and flyable to Brazil is fatally uncertain and indefinite." (Def.'s Mot. 6:8-9 (internal quotation marks omitted).) Plaintiff opposes the motion, arguing Defendant "cites no authority . . . that a court *at the pleadings stage* can determine that the intention of the parties cannot possibly be ascertained and that the contract alleged is thus invalid." (Pl.'s Opp'n 7:16-18.)

In California, "[a] cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008). "[I]n order to form a valid and enforceable contract, it is essential that there be: (1) parties capable of contracting; (2) their consent; (3) a lawful object; and (4) a sufficient consideration." Netbula, LLC v. BindView Dev. Corp., 516 F. Supp. 2d 1137, 1155 (N.D. Cal. 2007) (citing Cal. Civ. Code § 1550).

"Contract formation also requires that the parties' reach mutual assent or consent on definite or complete terms." Id. "The terms of a contract are reasonably certain if they provide a basis for determining the existence of a breach and for giving an appropriate remedy." Bustamante v. Intuit, Inc., 141 Cal. App. 4th 199, 209 (1981) (internal quotation marks omitted). "The modern trend of the law favors carrying out the parties' intentions through the enforcement of contracts and disfavors holding them unenforceable because of uncertainty." Amaral v. Cintas Corp. No. 2, 163 Cal. App. 4th 1157, 1192

1 (2008) (internal quotation marks omitted).

2 "Whether a contract is certain enough to be enforced is a question of law for the court." Patel v. Liebermensch, 45 Cal. 4th 344, 348 n.1 (2008). "When a plaintiff does not allege that a writing is ambiguous and subject to interpretation, the court construes the language of the contract on its face to determine whether the contract is reasonably subject to a construction sufficient to sustain a cause of action for breach." Fleming v. Coverstone, 2009 WL 764887, at *6 (S.D. Cal. Mar. 18, 2009) (internal quotations omitted).

Here, Defendant's argument focuses on the alleged contract terms "safe and flyable"; specifically, Plaintiff alleges: "A written contract was formed . . . for the repair of the Beech AT-11 ('the Contract'). Under the Contract, [Plaintiff] and [Defendant] agreed that [Defendant] would perform only the repairs necessary to make the Beech AT-11 aircraft safe and flyable to Brazil for an amount not to exceed $145,000 . . . ." (Complaint ¶ 23.) Further, Plaintiff incorporates and realleges the preceding paragraphs, which include the allegation: "[Defendant] later advised [Plaintiff] that the necessary repairs far exceeded the repairs that he had specified in his Pre-Purchase Inspection." Id. ¶ 10. These allegations are sufficient to provide a basis for determining the existence of breach and for giving an appropriate remedy. Cf. Hill Aircraft & Leasing Corp. v. Simon, 122 Ga. App. 524, 526 (1970) (finding the plaintiff was "entitled to damages to the extent that the airplane failed to meet" the express warranty terms of "flyable and capable of full certification under Part 135").

However, "[e]ven if a contract appears unambiguous on its face, a latent ambiguity may be exposed by extrinsic evidence which reveals more than one possible meaning to which the language of the

contract is yet reasonably susceptible." Wolf v. Superior Court, 114 Cal. App. 4th 1343, 1351 (2004). In order to prevail on such an argument, parties "must do more than claim that the Written Agreement is ambiguous; they must point to specific words in the Written Agreement and allege the existence of credible evidence of the parties' intended meaning of those words." In re Facebook PPC Adver. Litig., 709 F. Supp. 2d 762, 769 (N.D. Cal. 2010). Here, although Defendant points to specific words within the written agreement, he does not allege the existence of evidence supporting his argument. Therefore, Defendant has not met his burden of showing that the terms are ambiguous, and this portion of the motion is denied.

### D. Breach of Fiduciary Duty

Defendant argues Plaintiff's breach of fiduciary duty claim should be dismissed since there is no fiduciary duty owed for bailments for hire; rather an ordinary care standard applies. Plaintiff opposes the motion, arguing "[t]hese circumstances imposed a fiduciary obligation on Ramey, which he breached by failing to repair the Beech AT-11 in a professional and reasonable manner, and by overcharging Robalo." (Pl.'s Opp'n 11:12-14.)

"In California, to state a claim for breach of fiduciary duty, a plaintiff must allege: (1) the existence of a fiduciary relationship; (2) the breach of that relationship; and (3) damage proximately caused thereby." Roberts v. Lomanto, 112 Cal. App. 4th 1553, 1562 (2003). "Before a person can be charged with a fiduciary obligation, he must either knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law." City of Hope Nat'l Med. Center v. Genentech, Inc., 43 Cal. 4th 375, 386 (2008).

1    The gist of Plaintiff's fiduciary obligation claim are the
2 following allegations: "While in possession of the Beech AT-11 and the
3 logbooks, registration, and airworthiness certificate, Ramey was acting
4 in the capacity of a bailee for Robalo and was Robalo's fiduciary. Ramey
5 breached his fiduciary duties to Robalo." (Complaint ¶¶ 32-33.) However,
6 under California law, "a bailment for the benefit of both parties . . .
7 is a bailment for hire, and imposes on the bailee the duty to use
8 ordinary care with respect to the bailed property." Gerbert v. Yank, 172
9 Cal. App. 3d 544, 551 (1985). Further, "in the absence of express
10 contractual provisions respecting duty of care, or outright contractual
11 limitations of liability, a standard of ordinary care is usually applied
12 in airplane bailment cases in view of the existence . . . of mutual
13 benefit bailments . . . . " Robert A. Brazener, Liability of Bailee of
14 Airplane for Damage Thereto, 44 A.L.R. 3d 862 (2011); see also Kaye v.
15 M'Divani, 6 Cal. App. 2d 132, 134 (1935) ("That the responsibility of a
16 gratuitous bailee or a bailee for hire can be diminished or increased by
17 contract is settled."). Since Plaintiff has not alleged a contractual
18 provision under which a heightened duty of care arose, Plaintiff's
19 breach of fiduciary duty claim is dismissed.

20    **E.   Breach of the Implied Covenant of Good Faith and Fair Dealing**

21    Defendant argues Plaintiff's breach of the implied covenant of
22 good faith and fair dealing claim should be dismissed since Plaintiff
23 "sets out no facts as to how the breach occurred, specifically what was
24 breached or when the breach occurred." (Def.'s Mot. 8:22-24.) Further,
25 Defendant argues, "[c]laims for breach of the implied covenant may be
26 disregarded as superfluous when they do nothing more than repeat and
27 reallege the same allegations set forth in a companion claim for breach
28 of contract." Id. 8:25-27. Plaintiff rejoins that the Federal Rules of

Civil Procedure "allow a plaintiff to plead different statements of his claim in separate counts." (Pl.'s Opp'n 11:26-27.)

"There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." Comunale v. Traders & Gen. Ins. Co., 50 Cal.2d 654, 658 (1958). The implied covenant "rests upon the existence of some specific contractual obligation. [It] is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose." Racine Laramie, Ltd. v. Dept. of Parks & Recreation, 11 Cal. App. 4th 1026, 1031 (1992). "Thus, allegations which assert such a claim must show that the conduct of the defendant . . . demonstrates a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co., 90 Cal. App. 4th 335, 346 (2001) (internal quotation marks omitted).

Here, Plaintiff alleges as follows: "The Contract includes an implied covenant of good faith and fair dealing. Ramey breached the Contract's implied covenant of good faith and fair dealing." (Complaint ¶¶ 36-37.) Further, Plaintiff incorporates and realleges the preceding paragraphs of the Complaint, which include the following allegation: Defendant "exploited Robalo's trust and confidence by overstating the repair work that was required and purportedly performed on the Beech AT-11, and by overcharging Robalo for the repair of the Beech AT-11."

Id. ¶ 12. However, these allegations are insufficient to demonstrate that Defendant made a conscious and deliberate act that frustrated the agreed-upon common purposes of the agreement. Therefore, Plaintiff's breach of the implied covenant of good faith and fair dealing claim is dismissed.

### III. CONCLUSION

For the stated reasons, Defendants' motion to dismiss is granted in part and denied in part. Plaintiff is granted fourteen (14) days from the date on which this order is filed to file a First Amended Complaint addressing the deficiencies in any claim dismissed.

Plaintiff is warned that a dismissal with prejudice could be entered under Federal Rule of Civil Procedure 41(b) if Plaintiff fails to file an amended complaint within the prescribed time period.

Dated: January 25, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge