IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBALO LLC, a Delaware limited liability company, | ) ) | 2:11-cv-02642-GEB-JFM |
| Plaintiff, | ) ) ) | ORDER |
| v. | ) ) | |
| TAIGH RAMEY, individually and doing business as Vintage Aircraft, | ) ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

      Defendant filed a motion in which he seeks dismissal of Plaintiff's professional negligence claim. Defendant argues this claim should be dismissed since Plaintiff "does not state facts sufficient to support a claim for professional negligence" and "tort damages [cannot] be recovered in a breach of contract case." (Def.'s Mot. 5:9-12.) Plaintiff opposes the motion, arguing "the allegations in the amended complaint suffice to state a negligence claim" and "a complaint may plead both negligence and breach of contract." (Pl.'s Opp'n 1:18, 5:2-3.)

      "In reviewing the dismissal of a complaint, we inquire whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The material allegations

1

1  of the complaint are accepted as true and all reasonable inferences are
2  drawn in favor of the plaintiff. Al-Kidd v. Ashcroft, 580 F.3d 949, 956
3  (9th Cir. 2009). However, this tenet "is inapplicable to legal
4  conclusions." Iqbal, 556 U.S. at 678. Further, "[a] pleading that offers
5  'labels and conclusions' or 'a formulaic recitation of the elements of
6  a cause of action will not do.' Nor does a complaint suffice if it
7  tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"
8  Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 557
9  (2007)). "In sum, for a complaint to survive a motion to dismiss, the
10 nonconclusory 'factual content,' and reasonable inferences from that
11 content, must be plausibly suggestive of a claim entitling the plaintiff
12 to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009)
13 (internal citation omitted).

14      "To state a . . . professional negligence [claim] under
15 California law, a plaintiff must allege that the defendant failed to use
16 the skill and care that a reasonably careful professional operating in
17 the field would have used in similar circumstances, and that the
18 defendant's failure proximately causes damage to the plaintiff." Mosier
19 v. Stonefield Josephson, Inc., No. CV 11-2666, 2011 WL 5075551, at *6
20 (C.D. Cal. Oct. 25, 2011); see also Gonzalez v. United States, No. 2:11-
21 CV-02642, 2011 WL 4433112, at *4 (E.D. Cal. Sept. 21, 2011) (stating the
22 elements of a California professional negligence claim).

23      Defendant argues Plaintiff "does not . . . state what the
24 Plaintiff's [sic] profession is, what standards apply to people in that
25 profession and what knowledge and skill is required in that profession."
26 (Def.'s Mot. 4:18-20.) Defendant also contends "[n]owhere does
27 [Plaintiff] allege that the repairs by Ramey were done incorrectly,
28 improperly, or defectively." Id. 4:27-5:2. Plaintiff rejoins, arguing

2

"[t]he amended complaint . . . pleads facts both about what a reasonably careful professional in Mr. Ramey's field should have done for the pre-purchase inspection and for the repairs, and how Mr. Ramey failed to meet those standards." (Pl.'s Opp'n 3:26-4:2.)

Plaintiff's professional negligence claim comprises the following allegations:

> In providing services to Robalo related to the inspection and repair of the Beech AT-11, Ramey was required to exercise the care that a person of ordinary prudence would exercise under the circumstances. Because special knowledge and skill were required in providing those services, Ramey was required to exercise the knowledge, skill and care ordinarily possessed and employed by others in his trade and profession.
>
> (a) With regard to the Pre-Purchase Inspection of the Beech AT-11, the duties that the standard of care imposed on Ramey included but were not limited to the following: Ramey was required to conduct a thorough inspection of the Beech AT-11; determine the true condition of the Beech AT-11; identify material defects in the condition of the Beech AT-11; fully advise Robalo about the condition of the Beech AT-11; accurately specify the repairs that were warranted; make a credible estimate of its value; and provide all information about the Beech AT-11's condition that was relevant to an informed evaluation of the Beech AT-11.
>
> (b) With regard to the repair of the Beech AT-11, the duties that the standard of care imposed on Ramey included but were not limited to the following: Ramey was required to fully apprise Robalo about the repairs that were necessary for Robalo's purposes (being only the repairs necessary to make the Beech AT-11 safely flyable to Brazil); provide a reliable estimate and budget for the repairs; recommend only the repairs that were necessary for Robalo's purposes; perform only the repairs that were necessary for Robalo's purposes; perform the repairs in a professional and reasonable manner; repair the Beech AT-11 within the estimate and budget provided for the repairs; perform the repairs in an efficient and timely manner; bill Robalo for only the actual repairs performed; and bill Robalo for only the reasonable value of the repairs.

    (c) Ramey breached his duty of care to Robalo. The breaches included but are not limited to the following: Ramey failed to conduct a thorough inspection of the Beech AT-11; failed to determine the true condition of the Beech AT-11; failed to identify material defects in the condition of the Beech AT-11; failed to fully advise Robalo about the condition of the Beech AT-11; failed to accurately specify the repairs that were warranted; failed to make a credible estimate of the Beech AT-11's value; failed to provide all information about the Beech AT-11's condition that was relevant to an informed evaluation of the Beech AT-11; failed to fully apprise Robalo about the repairs that were necessary for Robalo's purposes; failed to provide a reliable estimate and budget for the repairs; failed to recommend only the repairs that were necessary for Robalo's purposes; performed more than the repairs that were necessary for Robalo's purposes; failed to perform the repairs in a professional and reasonable manner; failed to repair the Beech AT-11 within the estimate and budget provided for the repairs; failed to perform the repairs in an efficient and timely manner; overbilled Robalo for the repairs performed; and billed Robalo for more than the reasonable value of the repairs. In performing the Pre-Purchase Inspection and the repairs of the Beech AT-11, Ramey took advantage of the circumstances, his superior knowledge, and the nature of his relationship with Robalo to mislead Robalo about the scope of work and expense that were necessary and undertaken in repairing the Beech AT-11.

    As a direct and proximate result of Ramey's breaches of his duty of care to Robalo, Robalo has been damaged in an amount to be determined at trial in excess of $75,000.

(Complaint ¶¶ 14-15.) Defendant has not shown that these allegations are insufficient to state a professional negligence claim.

    Further, Defendant argues Plaintiff's professional negligence claim should be dismissed since "tort damages [cannot] be recovered in a breach of contract case." (Def.'s Mot. 5:11-12.) Specifically, Defendant contends "this claim is nothing more than a claim for some sort of contractual negligence which is barred as a matter of law." Id. 6:12-13. Plaintiff rejoins, arguing "the negligent failure to exercise

4

due care in performing that contract may be both a breach of contract and a tort." (Pl.'s Opp'n 5:19-20 (internal quotation marks omitted).)

"The economic loss rule requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal. App. 4th 979, 988 (2004). However, "the plaintiff is entitled to pursue both legal theories until an occasion for an election of remedies arises." North Am. Chem. Co. v. Superior Court, 59 Cal. App. 4th 764, 774 (1997); see also Ambassador Hotel Co., Ltd. v. Wei-Chuan Inv., 189 F.3d 1017, 1031-32 (9th Cir. 1999) ("Under established law, the prevailing plaintiff may not recover tort damages and contract damages for the same wrong, even though the plaintiff might have set forth alternate theories of recovery."). Defendant has not shown Plaintiff is not authorized to pursue a professional negligence claim at this stage of the proceedings. See City & County of San Francisco v. Cambridge Integrated Servs. Grp., Inc., No. C 04-1523, 2007 WL 1970092, at *5 (N.D. Cal. July 2, 2007) ("[I]t would be premature to make such a determination at the motion to dismiss stage . . . .").

For the stated reasons, Defendant's motion to dismiss Plaintiff's professional negligence claim is DENIED.

Dated: April 16, 2012

GARLAND E. BURRELL, JR.
United States District Judge