IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBALO LLC, a Delaware limited )
liability company,             )       2:11-cv-02642-GEB-JFM
                               )
            Plaintiff,         )
                               )       ORDER[*]
        v.                     )
                               )
TAIGH RAMEY, individually and  )
doing business as Vintage      )
Aircraft,                      )
                               )
            Defendant.         )
_____)

Plaintiff seeks dismissal of Defendant's misrepresentation and fraud counterclaims under Federal Rule of Civil Procedure 12(b)(6), arguing Defendant "has not alleged any damages that may be recovered in this suit, and damage is an essential element of his fraud claims." (Pl.'s Mot. 4:15-16.) Specifically, Plaintiff argues Defendant only alleges contingent damages, attorneys fees, and costs. Id. 1:13-20. Defendant opposes the motion.

In California, "recovery in a tort action for fraud is limited to the actual damages suffered by the plaintiff." Ward v. Taggert, 51 Cal. 2d 736, 741 (1959). "[A]ctual damages are those which compensate someone for the harm from which he or she has been proven to currently suffer or from which the evidence shows he or she is certain or suffer in the future." Saunders v. Taylor, 42 Cal. App. 4th 1538, 1543 (1996) (internal quotation marks omitted).

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

    Defendant alleges the following damages in his misrepresentation and fraud counterclaims:

> Within the three years last past Plaintiff . . . became indebted to Defendant . . . because an account was stated in writing by and between Robalo and Ramey in which it was agreed that Robalo owed Ramey $5,745.08 for work and repairs done on the . . . aircraft. Despite demands by Ramey, Robalo has failed and refused to pay the sums described and those sums are now due and owing to Ramey.
>
> . . .
>
> Robalo became indebted to Ramey for services rendered and costs reasonably incurred in the amount of $5,745.08. . . .
>
> Ramey has repeatedly demanded payment but Robalo has failed and refused to make payment. There is now due and owing Ramey the sum of $5,745.08.
>
> As a direct and proximate result of the fraudulent representations of Robalo, Ramey has made repairs to and done work on the aircraft for which Robalo now seeks recovery and has incurred and paid attorneys' fees and costs in defending against Robalo's suit. . . .
>
> The actions of Robalo were done wilfully, with malice, oppression, and fraud and in conscious disregard of Ramey's rights and with the intent to defraud, vex, annoy and harass Ramey and Ramey is thereby entitled to exemplary and punitive damages from Robalo in an amount according to proof.

(Countercl. ¶¶ 1-5, 11-12, 15-16.) Since Defendant alleges actual damages in his misrepresentation and fraud counterclaims, these allegations are sufficient. Therefore, Plaintiff's motion to dismiss is DENIED.

Dated: June 26, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

2