UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBALO LLC, a Delaware limited liability company,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TAIGH RAMEY, individually and doing business as Vintage Aircraft,<br><br>　　　　Defendant.<br><br>AND RELATED COUNTERCLAIM AND THIRD PARTY COMPLAINT | No. 2:11-cv-02642-GEB-EFB<br><br>DISMISSAL ORDER |

　　　　On April 2, 2013, the parties filed a "STIPULATION AND [PROPOSED] ORDER RE: DISMISSAL WITH PREJUDICE" in which they include the following proposed order: "This entire action is dismissed with prejudice, including the complaint, counterclaim, and third-party complaint. The Settlement Agreement is incorporated into this order. This Court retains jurisdiction to enforce the Settlement Agreement." (ECF No. 60.)

　　　　The court declines the parties' invitation to exercise jurisdiction over their Settlement Agreement. See generally, O'Connor v. Colvin, 70 F.3d 530, 532 (9th Cir. 1995) (stating "federal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement simply because the subject of that

1

settlement was a federal lawsuit") (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994)). The parties have not shown why the Court should retain jurisdiction, and "the mere fact that the parties agree that the court [shall] exercise continuing jurisdiction is not binding on the court." Arata v. Nu Skin Int'l, Inc., 96 F.3d 1265, 1269 (9th Cir. 1996); see also Jessup v. Luther, 277 F.3d 926, 929 (7th Cir. 2002) (observing that settlement of a federal lawsuit "is just another contract to be enforced in the usual way, that is, by fresh suit") (citing Kokkonen, 511 U.S. at 378-82) (additional citations omitted).

Further, in light of the parties' "global settlement of this entire action" and agreement to dismiss this entire action with prejudice, (ECF No. 60, 2:1-5), this action is dismissed with prejudice. See Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986) (explaining that "[t]he court reasonably concluded that the parties had the requisite mutual intent to dismiss the action with prejudice" when the court "f[ound] that the parties' . . . representations to the court agreeing to a dismissal with prejudice constituted a voluntary stipulated dismissal under Rule 41(a)(1)(ii)").

Dated: November 19, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

2